IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL MOON, | ) | CASE NO. 1:12CV1396 |
| | ) | |
| Petitioner, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| NORM ROBINSON, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Petitioner, Michael Moon ("Petitioner" or "Moon"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on May 31, 2012, challenging the constitutionality of his conviction in the case of *State v. Moon*, Case No. CR-522061 (Cuyahoga Cnty. 2009) (Doc. 1). This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. For the following reasons, the undersigned recommends that Moon's petition for writ of habeas corpus be DENIED.

### I. Factual Background

In a habeas case, a federal reviewing court gives "complete deference to state court findings of historical fact unless they are clearly erroneous." *West v. Seabold,* 73 F.3d 81, 84 (6th Cir. 1996); *see also Railey v. Webb*, 540 F.3d 393, 397 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 2878 (2009). The Ohio Eighth District Court of Appeals summarized the historical facts underlying Moon's convictions as follows:

> {¶3} The Cuyahoga County Grand Jury indicted Moon for over a 100 counts consisting of illegal use of a minor in nudity-oriented material, pandering sexually-oriented matter involving a minor, and possession of criminal tools. Moon entered a plea to four counts of pandering, 45 counts of illegal use of a minor in nudity-oriented material,[1] and two counts of possession of criminal

---

[1] It appears from the record that Moon actually pled guilty to 46 counts of Illegal Use of a Minor in Nudity-Oriented Material, not 45 counts.

1

tools. The offenses arose from Moon's possession of over 500 images of child pornography.

{¶4} The search that precipitated his arrest was based upon baggage screeners locating 50 photographs of child pornography concealed in several envelopes in Moon's checked-in luggage. Because the luggage scanner could not penetrate the envelopes, a hand search was conducted, revealing the images. Officers did not attempt to retrieve Moon's computer until several days after his arrest. By then, Moon was out on bail, and his home computer had been concealed or destroyed; it was never recovered. However, in searching the house, the officers recovered seven computer disks containing child pornography.

(Doc. 7, Exhibit 11, Decision).

## II. Procedural Background

**A.     State Conviction**

On March 18, 2009, the Cuyahoga County Grand Jury returned a multi-count indictment against Moon (Doc. 7, Exhibit 1, Indictment). He was charged with four counts of Pandering Sexually-Oriented Matter Involving a Minor, forty-two counts of Illegal Use of a Minor in Nudity-Oriented Material or Performance, fifty-three counts of Pandering Sexually-Oriented Matter Involving a Minor, and two counts of Possession of Criminal Tools (Doc. 7 Exhibit 1, Indictment). Moon, through counsel, initially entered a plea of not guilty to the charges in the indictment (Doc. 7, Exhibit 2, Journal Entry).

On June 8, 2009, Moon withdrew his not guilty plea and entered guilty pleas to four counts of Pandering Sexually-Oriented Matter Involving a Minor (Counts 1-4), forty-six counts of Illegal Use of a Minor in Nudity-Oriented Material or Performance (Counts 5-40 and 47-56), and two counts of Possession of Criminal Tools (Counts 100-101) (Doc. 7, Exhibit 3, Journal Entry). The remaining counts were nolled (Doc. 7, Exhibit 3, Journal Entry). On July 8, 2009, the trial court sentenced Moon to a prison term of (1) 6 years each on Counts 1-4, to run concurrently with each other, (2) 6 years each on Counts 5-40, to run concurrently with each

other, (3) 6 years each on County 47-56, to run concurrently with each other, (4) 12 months on Count 100, and (5) 12 months on Count 101 (Doc. 7, Exhibit 4, Sentencing Entry). The sentences on Count 1 (6 years), Count 5 (6 years), Count 47 (6 years), Count 100 (1 year), and Count 101 (1 year) were to run consecutively, for an aggregate sentence of 20 years in prison (Doc. 7, Exhibit 4, Sentencing Entry). The trial court also imposed a 5-year mandatory period of post-release control for counts 1, 5, and 47. Moon was classified as a Tier II sex offender/child victim offender registrant (Doc. 7, Exhibit 4, Sentencing Entry).

On July 20, 2009, Moon filed a "Motion to Reconsider Sentence" with the trial court (Doc. 7, Exhibit 5, Motion). The State filed its response on August 28, 2009 (Doc. 7, Exhibit 6, Response). The trial court denied the motion without explanation on September 1, 2009 (Doc. 7, Exhibit 7, Journal Entry).

**B.**    **Direct Appeal**

Moon, through new counsel, filed a notice of appeal with the trial court on July 24, 2009 (Doc. 7, Exhibit 8, Notice of Appeal). Moon's merit brief raised seven assignments of error:

> **Assignment of Error 1**: Appellant was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the 6th and 14th Amendments of the United States Constitution when counsel advised Appellant without examining the search warrant or making a motion to unseal the search warrant.
>
> **Assignment of Error 2**: The trial court erred when sentencing Appellant by considering the fact that Appellant's computer was now missing when there is no evidence that Appellant had anything to do with that.
>
> **Assignment of Error 3**: The trial court erred by ordering Appellant to serve a sentence which is contrary to law.
>
> **Assignment of Error 4**: The trial court erred by ordering Appellant to serve a twenty (20) year prison sentence which is contrary to law because the sentence impose [sic] was inconsistent with the sentences imposed on similarly situated offenders and the court erred when it failed to consider similar and proportionate sentences.

> **Assignment of Error 5**: Appellant's twenty (20) year prison sentence violated the 8th Amendment of the United States Constitution that prohibit [sic] cruel and unusual punishment.
>
> **Assignment of Error 6**: Appellant's consecutive sentences are contrary to law and violative [sic] of due process because the trial court failed to make and articulate the findings and reasons necessary to justify it.
>
> **Assignment of Error 7**: Appellant is entitled to a de novo sentencing hearing as the court did not properly impose a specific term or period of postrelease [sic] control at the sentencing hearing.

(Doc. 7, Exhibit 9, Appellant's Brief). The State filed its brief on February 8, 2010 (Doc. 7, Exhibit 10, Appellee's Brief). On September 23, 2010, the Ohio Eighth District Court of Appeals issued its opinion, overruling Moon's first six assignments of error but sustaining the seventh assignment of error (Doc. 7 Exhibit 11, Opinion). The court of appeals remanded the case to the trial court for a hearing pursuant to OHIO REV. CODE § 2929.191 as to the criminal possession counts only (Counts 100 and 101) (Doc. 7, Exhibit 11, Opinion, p. 13). The remainder of Moon's sentence was affirmed (Doc. 7, Exhibit 11, Opinion).[2]

On October 1, 2010, Moon filed a motion for reconsideration with the court of appeals (Doc. 7, Exhibit 12, Motion). On October 6, 2010, the court of appeals denied the motion (Doc. 7, Exhibit 13, Journal Entry).

On November 16, 2010, Moon, through counsel, filed a timely notice of appeal with the Ohio Supreme Court (Doc. 7, Exhibit 15, Notice of Appeal). In his memorandum in support of jurisdiction, Moon set forth the following two propositions of law:

> **Proposition of Law 1**: A defendant is denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the 6th and 14th Amendments of the United States Constitution when trial court advised defendant to enter pleas of guilty without examining the search warrant or making a motion to unseal the search warrant.

---

[2] On remand, on May 17, 2011, the trial court held a hearing pursuant to OHIO REV. CODE § 2929.191. Moon appeared at the hearing via video conferencing. At the hearing, the trial court imposed an optional three-year post release control term for Counts 100 and 101 (Doc. 7, Exhibit 14).

4

>**Proposition of Law 2**: Before imposing consecutive sentences, Ohio trial courts must make the findings of fact specified by R.C. 2929.14(E)(4) to overcome the presumption favoring concurrent sentences in R.C. 2929.41(A) and to allow more uniform, consistent sentences.

(Doc. 7, Exhibit 16, Memorandum in Support p. 2). On March 2, 2011, the Ohio Supreme Court denied leave to appeal and dismissed the appeal as one not involving any substantial constitutional question (Doc. 7, Exhibit 17, Entry).

On March 9, 2011, Moon, through counsel, filed a Motion for Reconsideration with the Ohio Supreme Court (Doc. 7, Exhibit 18, Motion). On April 20, 2011, the Ohio Supreme Court denied Moon's Motion for Reconsideration (Doc. 7, Exhibit 19, Entry).

**C.     Motion to Unseal Search Warrant**

On October 13, 2011, Moon, through new counsel, filed a Motion to Unseal Search Warrant "for the limited purpose of providing a copy to [new] counsel" in the trial court (Doc. 7, Exhibit 20, Motion). The State did not object to this motion and the trial court granted the unopposed motion on December 5, 2011 (Doc. 7, Exhibit 21, Journal Entry).

On May 18, 2012, Moon filed a motion for an order that the search warrant issued in Moon's case be made a part of the official court record under Appellate Rule 9(E) (Doc. 7, Exhibit 22, Motion). The State filed a response in opposition on May 21, 2012, noting that Moon's appeal was already final (Doc. 7, Exhibit 23, Response). The court denied the motion on May 29, 2012 (Doc. 7 Exhibit 24, Journal Entry). Moon did not appeal this decision.

**D.     Federal Habeas Petition**

On May 31, 2012, Moon, through counsel, filed his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2, Petition). In his petition, Moon set forth the following two grounds for relief:

5

**Ground One**: Petitioner was denied effective assistance of counsel as guaranteed by the 6th and 14th Amendments of the United States Constitution when trial counsel advised appellant to enter pleas of guilty without examining the search warrant or making a motion to unseal the search warrant.

**Supporting FACTS**: Petitioner was arrested on 7/29/2008. The police obtained a search warrant on 8/6/2009[3] and executed said warrant. Petitioner was indicted on 4/1/2009 based in part on evidence found during the execution of the search warrant. On the advice of trial counsel who never requested or reviewed the search warrant, Petitioner entered a guilty plea on 6/8/2009 and was sentenced on 7/8/2009. A subsequent review of the search warrant revealed its deficiencies that should have been challenged or at a minimum considered prior to entering a guilty plea and receiving a 20 year sentence.

**Ground Two**: Petitioner was denied due process as guaranteed by the 5th and 14th Amendments of the United States Constitution when the trial court imposed a sentence contrary to law.

**Supporting FACTS**: Petitioner was sentenced to 20 years in prison based on consecutive sentences. The trial court did not making [sic] the findings required by law, O.R.C. 2929.14, when it imposed consecutive sentences.

(Doc. 2, Petition, p. 6-8).

### III. Law & Analysis

**A.     Merit Review of Moon's First Ground for Relief**

It is undisputed that Moon has exhausted his state court remedies with regard to his first ground for relief and that he has not procedurally defaulted that claim. Thus, the Court shall review the merits of that claim.

**1.     AEDPA Standard**

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), when the state court decides a federal constitutional claim on the merits, the federal habeas court must defer to the state court decision unless: (1) the state court's decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the

---

[3] Moon incorrectly states that the search warrant was issued on August 6, 2009. It appears from the record that the search warrant was actually issued in 2008 (Doc. 7, Exhibit 10, p. 1).

6

Supreme Court of the United States;" or (2) the state court's decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law when the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). A state court's adjudication results in an "unreasonable application of" clearly established federal law only when the state court identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case. *Id.* at 599-600.

To obtain federal habeas corpus relief, a petitioner must establish that the state court's decision was "so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (per curiam) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Richter*, 131 S. Ct. at 786 (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011). Moon has not met his burden in this case.

### 2. Ground One is Without Merit

Moon asserts that his trial counsel's performance was deficient because he advised Moon to plead guilty without examining the search warrant. Moon contends that, if trial counsel had moved to unseal the search warrant, he would have discovered deficiencies in the warrant that should have been challenged before he advised Moon to enter the guilty plea (Doc. 1, Petition, p. 6).[4] Moon further argues that, if his counsel would have succeeded on the challenge to the warrant, then the offenses linked to the evidence found at his home would have been eliminated. Moon's ineffective assistance of counsel claim lacks merit.

The Sixth Amendment recognizes the right of every criminal defendant to effective assistance of counsel. U.S. CONST. amend. VI. Claims of ineffective assistance of counsel are analyzed under the well-established two prong test announced in *Strickland v. Washington,* 466 U.S. 668 (1984). In order to prevail on this claim, Moon must demonstrate that the performance of his trial counsel was deficient and that he suffered prejudice as a result of that deficiency. *Id.*; *Foust v. Houk*, 655 F.3d 524, 533 (6th Cir. 2011). To show deficiency, Moon must overcome the "strong[ ] presum[ption]" that his counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690. The acts or omissions of counsel must have been "outside the wide range of professionally competent assistance." *Id.* To demonstrate prejudice, Moon must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. This means he must show a "'substantial,' not just 'conceivable,' likelihood of a different result." *Pinholster*, 131 S. Ct. at 1403 (quoting *Richter*, 131 S. Ct. at 791).

---

[4] Specifically, Moon argues that "the search warrant [used to obtain the evidence discovered at his residence] was not based on probable cause" (Doc. 10, Traverse, p. 5).

8

In *Richter*, the Supreme Court again underlined the difficulty of prevailing on a *Strickland* claim in the context of habeas and AEDPA; it held that the petitioner is required not only to demonstrate the merit of his underlying *Strickland* claim, but also to demonstrate that "there is no possibility fair-minded jurists could disagree that the state court's decision [rejecting the *Strickland* claim] conflicts with this Court's precedents." *Richter,* 131 S. Ct. at 786 (noting that this was "meant to be" a difficult standard to meet). Considering that *Strickland*'s own standard invites deference to the conduct of counsel, *Strickland,* 466 U.S. at 689, combining that standard with that set forth in the AEDPA creates a "doubly" deferential standard, *Richter,* 131 S. Ct. at 788 (also noting that "[t]he *Strickland* standard is a general one, so the range of reasonable applications is substantial"). Thus, as explained by the Sixth Circuit, a habeas court's "significantly constrained review of [an ineffective assistance of counsel claim] boils down to the determination of whether 'there is *any* reasonable argument that counsel satisfied *Strickland*'s deferential standard.'" *Jackson v. Houk,* 687 F.3d 723, 741 (6th Cir. 2012) (emphasis added) (quoting *Richter*, 131 S. Ct. at 788).

Moon asserted his ineffective assistance of trial counsel claim on direct appeal. The state court of appeals addressed the merits of the claim, stating:

> {¶6} In his first assigned error, Moon argues his counsel was ineffective for failing to request the search warrant to be unsealed before advising Moon to enter a guilty plea.
>
> {¶7} We review a claim of ineffective assistance of counsel under the two-part test set forth in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 . Under *Strickland*, a reviewing court will not deem counsel's performance ineffective unless a defendant can show his lawyer's performance fell below an objective standard of reasonable representation and that prejudice arose from the deficient performance. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraph one of the syllabus. To show prejudice, a defendant must prove that, but for his lawyer's errors, a reasonable probability exists that the result of the proceedings would have been different. *Id.* at paragraph two of the

9

> syllabus. Judicial scrutiny of a lawyer's performance must be highly deferential. *State v. Sallie*, 81 Ohio St.3d 673, 1998-Ohio-343, 693 N.E.2d 267.
>
> {¶8} Moon argues that by not requesting to view the unsealed warrant, counsel was deprived of possibly arguing the search warrant was defective. If the search warrant was defective, then the offenses linked to the disks found at Moon's home would have been eliminated.
>
> {¶9} Moon's argument is based on pure speculation because we obviously do not know what is contained in the search warrant. Speculation is insufficient to demonstrate the required prejudice needed to succeed on a claim for ineffective assistance of counsel. *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864; *State v. Imani*, 5th Dist. No. 2008 AP 06 0043, 2009-Ohio-5717; *State v. Grahek*, Cuyahoga App. No. 81443, 2003-Ohio-2650. The search warrant could have just as likely been valid. Thus, Moon is unable to overcome the "strong presumption" that defense counsel's performance constituted reasonable assistance because there is no evidence that the unsealing of the warrant would have changed the result of the proceedings. Accordingly, Moon's first assigned error is overruled.

(Doc. 7, Exhibit 11.)

Moon has failed to establish that the state appellate court's decision is contrary to, or an unreasonable application of, *Strickland*. The state appellate court properly applied the two-part test set forth in *Strickland* and determined that Moon had failed to demonstrate prejudice as a result of his counsel's allegedly deficient performance. The court found that Moon's argument regarding the alleged prejudice he suffered was based on pure speculation and was therefore insufficient to demonstrate the required prejudice needed to succeed on a claim on ineffective assistance of counsel. This determination is both reasonable and consistent with *Strickland*.

In a case where a defendant enters a guilty plea, the defendant must establish that, but for the deficient performance, he would not have entered the guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). As correctly noted by the state appellate court, Moon's arguments regarding the prejudice component of the *Strickland* test are based purely on speculation. Moon's argument is, in fact, based on multiple layers of speculation: that, if counsel had unsealed the search warrant,

he would have concluded that the warrant was defective and would have filed a motion to suppress the evidence seized at Moon's house; that the warrant was in fact defective; that the trial court would have found the warrant to be defective and suppressed the evidence found at the house; that the charges based on evidence obtained from the search of the house would have been dismissed; and that Moon would not have entered his guilty plea. However, speculation cannot form the basis for federal habeas relief. See Wood v. Bartholomew, 516 U.S. 1, 8, 116 S.Ct. 7, 133 L.Ed.2d 1 (1995) (federal courts may not "grant[ ] habeas relief on the basis of little more than speculation with slight support"). These multiple layers of speculation are more than a stretch and offer no reasonable probability that, but for counsel's alleged error, Moon would not have entered his guilty pleas.

    A further examination of the facts and applicable law reinforces that Moon's arguments are based purely on speculation. Moon was arrested at the airport after baggage screeners discovered fifty photographs of child pornography in his luggage (Doc. 7, Exhibit 11, Decision at ¶ 4). Based on this evidence, the police obtained a search warrant for his computer, but the search ultimately proved unfruitful (Doc. 7, Exhibit 11, Decision at ¶ 4). A second search warrant was obtained to search Moon's residence, which resulted in the discovery of seven computer disks containing additional child pornography (Doc. 7, Exhibit 11, Decision at ¶ 4). Reasonable and competent counsel, upon learning that the client was discovered with numerous pieces of incriminating evidence in his possession, may well find that challenging a search warrant emanating from such a discovery would be unnecessary and likely futile. See Strickland, 466 U.S. at 691 ("counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary"). Assuming for the sake of argument that counsel had unsealed the warrant and moved to suppress the evidence, it is just as likely the

evidence would not have been excluded pursuant to the *Leon* "good faith" exception. *See United States v. Leon*, 468 U.S. 897, 922 (1984) (holding suppression not justified where officers obtained evidence in "objectively reasonable reliance on a subsequently invalidated search warrant"). It is therefore equally possible that, even if the trial court had concluded that the search warrant was unlawful, the court would not have excluded the evidence. This alternative – that the evidence would not have been excluded even if the warrant was unlawful - demonstrates that Moon's arguments are based on nothing more than speculation. Thus, "fair-minded jurists" could not disagree that the state court's decision rejecting Moon's claim of ineffective assistance of trial counsel does not conflict with Supreme Court precedent. *Richter*, 131 S. Ct. at 786.

In sum, Moon was aware that the search warrant existed and that neither he nor his counsel had reviewed the warrant before he entered his guilty pleas. Indeed, during his change of plea hearing, it was specifically noted that the prosecutor did not provide a copy of the search warrant to Moon because it was filed under seal (Doc. 7, Exhibit 28, p. 9, Tr. 358). Nevertheless, Moon entered his guilty pleas. The transcript of the plea proceedings also demonstrates that Moon was advised of his rights and knowingly and voluntarily chose to enter his guilty pleas (Doc. 7, Exhibit 28). As such, Moon has failed to show prejudice, as required by *Strickland*.[5] Moon has therefore failed to establish that the state appellate court's decision was contrary to, or

---

[5] Moon argues that this Court should consider the search warrant and underlying affidavit despite the fact that these documents were not part of the state court record and were not considered by the state court that adjudicated Moon's ineffective assistance of counsel claim on the merits. As Respondent correctly noted in his briefs, the Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits" and that "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398, 1400 (2011). In *Bray v. Andrews,* the Sixth Circuit stated that, pursuant to *Pinholster*, "[o]ur review is, as the Supreme Court recently made clear, 'limited to the record that was before the state court.'" *Bray,* No. 09–4151, 2011 WL 1544740, at *4 (6th Cir. Apr. 26, 2011) (quoting *Pinholster,* 131 S.Ct. at 1398). Thus, this Court is constrained in its review of the merits of Moon's first ground for relief to the record that was before the state appellate court when it adjudicated this claim on the merits. The Court therefore declines to consider the search warrant or the supporting affidavit.

an objectively unreasonable application of, *Strickland*. Accordingly, Moon's first ground for relief is without merit and should be denied with prejudice.

**B.      Moon's Second Ground for Relief is Not Cognizable on Federal Habeas Review**

In his second ground for relief, Moon claims that the trial court failed to make the factual findings required by OHIO REV. CODE § 2929.14 before imposing consecutive sentences (Doc. 2, Petition, p. 7). Respondent argues that Moon's claim regarding his sentence is not cognizable on federal habeas review as it arises from a question of state law (Doc. 7, Return of Writ, p. 8-9). In response, Moon contends that the trial court's failure to abide by the statutory requirements violated the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution" (Doc. 10, Traverse, p. 9).

A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir. 1988). It is "not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). A federal court "must defer to a state court's interpretation of its own rules of evidence and procedure when assessing a habeas petition." *Miskel v. Karnes*, 397 F.3d 446, 453 (6th Cir. 2005) (internal quotation omitted). Claims of state law error are not cognizable in federal habeas corpus "unless such error amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 388, 897 (6th Cir.2008). However, it has long been recognized that "a 'mere error of state law' is not a denial of due process." *Engle v. Isaac*, 456 U.S. 107, 121 n.21 (1982) (citing *Gryger v.*

13

*Burke*, 334 U.S. 728, 731 (1948)).

In his second ground for relief, Moon argues that he "was denied due process as guaranteed by the Fifth and Fourteenth Amendments of the United States Constitution" when the trial court failed to overcome the presumption for concurrent sentences by not making the requisite factual findings as specified in OHIO REV. CODE § 2929.14 before imposing consecutive sentences (Doc. 2, Petition, p. 7). However, alleged errors involving a state court's interpretation of its own law or procedure are not cognizable on federal habeas corpus review. *Simpson v. Jones*, 238 F.3d 399, 406-07 (6th Cir. 2000); *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir. 1988). Furthermore, the Sixth Circuit has held that whether sentences should run concurrently or consecutively "is a matter of substantive state law" and thus not cognizable in a federal habeas corpus proceeding. *Harrison v. Parke*, 917 F.2d 1304, 1990 WL 170428, *2 (6th Cir. 1990) (citing *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977)). Because Moon's claim involves the application of a state statute regarding whether sentences should run concurrently or consecutively, the claim is not cognizable on federal habeas review. *See Smith v. Ohio*, No. 1:02 CV 690, 331 F. Supp. 2d 605, 622 (N.D. Ohio Aug. 26, 2004). Moon's attempt to couch his claim in terms of a federal constitutional violation is unpersuasive. *See, e.g., Chapin v. Clipper*, 2012 WL 4062500, *7 (N.D. Ohio August 3, 2012) (finding that issues regarding whether a sentence should run concurrently or consecutively, and the resultant length of the sentence, were matters of state law). Whether Ohio law requires or does not require factual findings when imposing consecutive sentences does not implicate the United States Constitution. Such a claim of state law error is not a denial of due process and is therefore not cognizable on federal habeas review. *See Engle*, 456 U.S. at 121 n.21 (reaffirming that a "mere error of state law" is not a denial of due process). Therefore, Petitioner's second ground should be dismissed.

### IV. Motion to Expand the Record

On November 30, 2012, Moon filed a motion to expand the record (Doc. 9). Respondent filed a brief in opposition on December 7, 2012 (Doc. 11), and Moon filed a reply brief on December 14, 2012 (Doc. 13). In his motion, Moon requests that the search warrant for his home and the supporting affidavit for the warrant be made part of the record. As discussed above, because the state courts adjudicated Moon's claims on the merits, review under § 2254(d)(1) is limited to the record that was before the state courts. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398, 1400 (2011).[6] Accordingly, the undersigned DENIES Moon's motion to expand the record (Doc. 9).

### V. Conclusion and Recommendation

For all of the reasons stated above, the undersigned Magistrate Judge concludes that Petitioner Michael Moon is not entitled to relief on either of the two grounds for relief in his petition for writ of habeas corpus. Accordingly, the Court should DENY Moon's petition for writ of habeas corpus and DISMISS this action with prejudice.

Dated: February 20, 2013

Kathleen B. Burke
United States Magistrate Judge

---

[6] As noted in the procedural history above, on May 18, 2012, Moon filed a motion for an order that the search warrant be made a part of the official court record under Appellate Rule 9(E) (Doc. 7, Exhibit 22, Motion). The trial court denied the motion on May 29, 2012 (Doc. 7 Exhibit 24, Journal Entry). Moon did not appeal this decision to the state court of appeals.

## **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); s*ee also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).