UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Michael Moon,                                        Case No. 1:12cv1396

             Plaintiff

v.                                               MEMORANDUM OPINION
                                                   AND ORDER

Norm Robinson,

             Defendant

## INTRODUCTION

Before me are the objections of Petitioner Michael Moon to the Report and Recommendation of Magistrate Judge Kathleen B. Burke regarding Moon's petition for a writ of habeas corpus. (Doc. No. 16). For the reasons stated below, I accept in part and reject in part the Magistrate Judge's recommendations as set forth in the Report and Recommendation. Moon's petition is dismissed without prejudice, but the statute of limitations set forth in 28 U.S.C. § 2244(d)(1) will be equitably tolled, provided Moon complies with certain conditions described in greater detail below.

## STANDARD

A district court must conduct a de novo review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. Pro. 72(b)(3).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States . . . ." 28 U.S.C. § 2254(d)(1). A state court decision is contrary to clearly established Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). A state court decision also is contrary to clearly established Supreme Court precedent "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Id.* at 406. Moreover, "when a state-court decision unreasonably applies the law of [the Supreme] Court to the facts of a prisoner's case, a federal court applying § 2254(d)(1) may conclude that the state-court decision falls within that provision's 'unreasonable-application' clause." *Id.* at 409. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.*

## BACKGROUND

In a habeas case, a federal reviewing court gives "complete deference to state court findings of historical fact unless they are clearly erroneous." *West v. Seabold*, 73 F.3d 81, 84 (6th Cir. 1996). A Cuyahoga County grand jury handed down a 101 count indictment against Moon, which included counts charging "illegal use of a minor in nudity-oriented material, pandering sexually-oriented matter involving a minor, and possession of criminal tools." (Doc. No. 7-1 at 242). These offenses "arose from Moon's possession of over 500 images of child pornography." (Id.). Moon pled guilty to four counts of pandering, forty-five counts of illegal use of a minor in nudity-oriented material, and two counts of possession of criminal tools. (Id.). The remaining charges were dismissed. (Id. at 40). Moon was sentenced to 20 years in prison. (Id. at 243).

On July 29, 2008, Moon was arrested by officers of the Cleveland Police Department at the Cleveland Hopkins International Airport after "his checked luggage was found to contain child pornography." (Doc. No. 7-1 at 228). On August 8, 2008, Cleveland Police detectives obtained and executed a search warrant for Moon's home. (Id.). This search uncovered additional images, which apparently formed the foundation for some of the indicted charges. (Doc. No. 10 at 2). Moon's trial counsel did not request, and the prosecution did not provide, a copy of the search warrant, which was filed under seal. (Doc. No. 7-1 at 358).

Moon filed a motion in the trial court for reconsideration of his sentence, which was denied without a hearing or explanation. (Doc. No. 7-1 at 243). On July 24, 2009, after obtaining new counsel, Moon filed a notice of appeal, and asserted seven assignments of error: (1) Appellant was denied effective assistance of counsel when trial counsel advised him to plead guilty without examining the search warrant or filing a motion to unseal the search warrant; (2) the trial court erred in considering during sentencing the fact that Appellant's personal computer was missing without evidence Appellant was responsible, either in whole or in part; (3) the trial court erred in assessing a sentence which is contrary to law; (4) Appellant's sentence is contrary to law because it is inconsistent with sentenced imposed on similarly situated offenders and the court failed to consider similar and proportionate sentences; (5) Appellant's sentence violates the Eighth Amendment prohibition of cruel and unusual punishment; (6) Appellant's sentence is contrary to law and violates his due process rights because the trial court failed to make and articulate the necessary findings and reasons; and (7) Appellant is entitled to a new sentencing hearing because the trial court failed to properly impose a specific term or period of post-release control. (Doc. No. 7-1 at 139, 158). The court of appeals rejected Moon's first six assignments of error, but remanded his case to the trial court for correction of the journal entry setting the term of post-release control. (Id. at 242-53).

On October 1, 2010, Moon filed a motion for reconsideration with the court of appeals. (Doc. No. 7-1 at 257). The court of appeals denied the motion without opinion. (Id. at 263).

Moon filed a notice of appeal to the Supreme Court of Ohio and a memorandum in support of jurisdiction. (Id. at 265, 268-81). Moon asserted (1) he was denied effective assistance of counsel because his trial counsel advised him to plead guilty without examining the search warrant or making a motion to unseal the search warrant and (2) the trial court erred in sentencing him to consecutive, rather than concurrent, sentences. (Id. at 269). The Supreme Court of Ohio denied leave to appeal, and dismissed Moon's appeal as not involving any substantial constitutional question. (Id. at 300). Moon filed a motion for reconsideration on March 9, 2011, which was denied on April 20, 2011. (Id. at 301, 307).

On October 13, 2011, Moon, after again obtaining new counsel, filed a motion in the trial court to unseal the search warrant for his home "for the limited purpose of providing a copy to [new] counsel." (Doc. No. 7-1 at 308). On December 5, 2011, the trial court granted the motion without objection. (Id. at 309).

Moon then filed a motion asking the trial court to make the now-unsealed search warrant part of the official court record pursuant to Ohio Appellate Rule 9(E). (Doc. No. 7-1 at 310). The Cuyahoga County Prosecutor's Office opposed the motion, arguing "where there is no pending appeal, [an App. R. 9(E) motion] to correct the record is moot." (Id. at 338). The trial court denied Moon's motion without opinion on May 29, 2012. (Id. at 340).

On May 31, 2012, Moon filed the instant petition for a writ of habeas corpus. (Doc. No. 2). Moon asserts two grounds for relief: (1) he was denied the effective assistance of counsel when trial counsel advised him to plead guilty without examining the search warrant or making a motion to unseal the search warrant, and (2) he was denied due process when the trial court imposed a sentence contrary to law. (Doc. No. 2 at 5, 7). Respondent Warden Norm Robinson concedes Moon's petition was filed in a timely fashion. (Doc. No. 7 at 7). Moon also filed a motion to expand the record to include the search warrant for Moon's home. (Doc. No. 9). After further briefing by both parties, Magistrate Judge Burke concluded Moon is not entitled to relief on either

4

ground for relief he presents and recommended that I deny his petition and dismiss this action with prejudice.  (Doc. No. 15 at 15).  Magistrate Judge Burke also denied Moon's motion to expand the record.  (Id.).  Moon filed objections to Magistrate Judge Burke's recommendation regarding his ineffective assistance of counsel claim and her denial of his motion to expand the record.  (Doc. No. 16 at 2).  Respondent did not file a response to Moon's objections.

Moon did not file an objection to Magistrate Judge Burke's recommendation as to the second ground in his petition, and I adopt that portion of the Report and Recommendation in full.

## ANALYSIS

As I noted above, Moon asserts his right to the effective assistance of counsel was violated by trial counsel's failure to file a motion to unseal the search warrant or to examine the warrant for deficiencies before advising him to accept a plea agreement offered by the Cuyahoga County Prosecutor.  (Doc. No. 2 at 5).  Magistrate Judge Burke agreed with the conclusion of the court of appeals that "Moon had failed to demonstrate prejudice as a result of his counsel's allegedly deficient performance . . . [because his argument] was based on pure speculation . . . ."  (Doc. No. 15 at 10).  Moon objects, arguing "there was no reasonable trial strategy for not at least requesting the warrant to complete a thorough investigation as constitutionally required . . . ."  (Doc. No. 16 at 5) (emphasis removed).

## DEFICIENT PERFORMANCE

It is a bedrock principle of our system of justice that criminal defendants are entitled to the assistance of counsel.  *See, e.g., Powell v. Alabama*, 287 U.S. 45 (1932).  "The right to counsel is the right to effective assistance of counsel."  *Missouri v. Frye,* 132 S. Ct. 1399, 1404 (2012) (*citing Strickland v. Washington*, 466 U.S. 668, 686 (1984)). This right "extends to the plea-bargaining process." *Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).  A defendant may attack the voluntary and intelligent character of a guilty plea only by showing counsel's advice "was [not] within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970).  The

5

Supreme Court has held "the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985).

A defendant who seeks reversal of his conviction on a claim of ineffective assistance of counsel must show (1) counsel's performance was deficient and (2) counsel's deficient performance prejudiced the defendant. *Strickland*, 466 U.S. at 687. "[T]he defendant must show that counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. "Judicial scrutiny of counsel's performance must be highly deferential . . . [and] a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id.* at 689.

The courts of appeals did not discuss trial counsel's failure to file a motion to unseal the warrant or to investigate the validity of the warrant, and thus did not discuss the first prong of the *Strickland* test with regard to the facts of Moon's claim. Instead the court determined Moon could not demonstrate prejudice because the search warrant was not part of the trial court record and thus, the court concluded, Moon's claims of prejudice were speculative. Where the state court "did not decide whether [the petitioner's] counsel was deficient, [a court must] review this element of [the petitioner's] *Strickland* claim *de novo*." *Porter v. McCollum*, 558 U.S. 30, 39 (2009) (*citing Rompilla v. Beard*, 545 U.S. 374, 390 (2005)).

In determining whether counsel's performance was competent, "the court 'should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case.'" *Kimmelman v. Morrison*, 477 U.S. 365, 384 (1986). "Because that testing process generally will not function properly unless defense counsel has done some investigation into the prosecution's case and into various defense strategies, [the Supreme Court has] noted that 'counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary.'" *Id.*, *quoting Strickland*, 466 U.S. at 691.

6

In *Kimmelman*, the petitioner argued his right to the effective assistance of trial counsel had been violated when his attorney failed to request any discovery prior to his trial. *Kimmelman*, 477 U.S. at 368. The Supreme Court considered "whether the restrictions on federal habeas review of Fourth Amendment claims announced in *Stone v. Powell*, [428 U.S. 465 (1976)][1], should be extended to Sixth Amendment claims of ineffective assistance of counsel where the principal allegation and manifestation of inadequate representation is counsel's failure to file a timely motion to suppress evidence allegedly obtained in violation of the Fourth Amendment." *Id.* The Court reasoned that extending *Stone* to Sixth Amendment claims raised in habeas proceedings would deny most defendants whose trial attorneys performed inadequately with respect to Fourth Amendment issues the opportunity to vindicate their right to effective trial counsel and would deny "all defendants whose appellate counsel performed inadequately with respect to Fourth Amendment issues the opportunity to protect their right to effective appellate counsel." *Id.* at 378. The Court concluded trial counsel's failure to request any pre-trial discovery constituted inadequate assistance in violation of the first prong of the *Strickland* test. *Id.* at 385. The Court stated "[s]uch a complete lack of pretrial preparation puts at risk both the defendant's right to an 'ample opportunity to meet the case of the prosecution, and the reliability of the adversarial testing process.'" *Id.* (internal citations omitted).

In the same way, the failure of Moon's trial counsel to file a motion to unseal the search warrant and to examine it for defects resulted in an uninformed forfeiture of any potential Fourth Amendment challenge. The state court record is devoid of any evidence that trial counsel made a reasonable investigation into the case against Moon or made a reasonable decision that made a particular investigation into the validity of the search warrant unnecessary. *See Strickland*, 466 U.S. at 691. As in *Kimmelman*, when the petitioner's attorney "decided not [or failed] to request any discovery, he did not – and because he did not ask, could not – know what the State's case would

---

[1] In *Stone*, the Court concluded "that where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." *Stone*, 428 U.S. at 494.

be." *Kimmelman*, 477 U.S. at 387; *see also Porter*, 558 U.S. at 40 (counsel's performance is deficient where counsel "ignored pertinent avenues for investigation of which he should have been aware.").

The Magistrate Judge posited "[r]easonable and competent counsel, upon learning that the client was discovered with numerous pieces of incriminating evidence in his possession, may well find that challenging a search warrant emanating from such a discovery would be unnecessary and likely futile." (Doc. No. 15 at 11). I cannot agree. There is no explanation for trial counsel's failure to move to unseal the warrant and to examine the factual affidavit submitted with the warrant application. Trial counsel placed his client at an immediate disadvantage, as the prosecution knew the contents and factual underpinnings of the warrant; Moon's attorney could not know whether or not it would be futile to challenge the warrant because he did not know its contents. Further, the fact that a defendant "is guilty does not mean he [is] not entitled by the Sixth Amendment to effective assistance or that he suffered no prejudice from his attorney's deficient performance during plea bargaining."[2] *Lafler*, 132 S. Ct. at 1388. The evidence lawfully discovered in his luggage by airport employees does not excuse trial counsel's patently deficient performance in failing to perform a reasonable investigation into the charges against his client.

"The requirement that trial counsel fully investigate a possible defense is clearly established Supreme Court precedent under *Strickland* and its progeny." *Foster v. Wolfenbarger*, 687 F.3d 702, 709 (6th Cir. 2012). In failing to file a motion to unseal the warrant or to investigate the existence of probable cause to support it, Moon's trial counsel's performance falls outside "the wide range of reasonable professional assistance" and therefore violates the first prong of the *Strickland* test. *Strickland*, 466 U.S. at 689.

---

[2] Respondent argues "[t]he transcript of the plea proceedings demonstrates that Moon was advised of his rights and chose to plead guilty. Based on this record, Moon has failed to show that his trial counsel's performance was deficient." (Doc. No. 7 at 16). Respondent's conclusory arguments would nullify decades of Supreme Court precedent holding that a guilty plea does not result in a waiver of a defendant's constitutional right to the effective assistance of counsel and therefore is unpersuasive. *See, e.g., McMann*, 397 U.S. 759; *Hill*, 474 U.S. 52; *Frye*, 132 S. Ct. 1399; *Lafler*, 132 S. Ct. 1376; *see also United States v. Wade*, 388 U.S. 218, 227 (1967) ("It is central to [the principle of the right to counsel] that in addition to counsel's presence at trial, the accused is guaranteed that he need not stand alone against the State at any stage of the prosecution, formal or informal, in court or out, where counsel's absence might derogate from the accused's right to a fair trial.").

**PREJUDICE**

To establish prejudice under the second prong of the *Strickland* test, a court must determine "whether counsel's constitutionally ineffective assistance affected the outcome of the plea process." *Hill*, 474 U.S. at 59. "[T]he defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* Where, as here, defense counsel's failure to litigate a Fourth Amendment claim competently is the principal allegation underlying a Sixth Amendment claim regarding ineffective assistance of counsel, the defendant must prove his Fourth Amendment claim is meritorious, and that there is a reasonable probability the outcome would have been different absent the excludable evidence, in order to demonstrate actual prejudice. *Kimmelman*, 477 U.S. at 375.

The prejudice Moon asserts he has suffered arises from the counts to which he pled guilty. The plea agreement the prosecution offered included charges supported by evidence seized from Moon's house during the execution of the search warrant. (Doc. No. 7-1 at 40; Doc. No. 10 at 2). Moon argues those counts could not have been included in the plea offer if his trial counsel had investigated the search warrant and properly filed a motion to suppress evidence obtained through the allegedly faulty search warrant.

The court of appeals rejected Moon's ineffective assistance argument as "based on pure speculation because [the court] obviously [did] not know what is contained in the search warrant." (Doc. No. 7-1 at 244). The court of appeals stated "there is no evidence that the unsealing of the warrant would have changed the result of the proceedings." (Id.). The reason for this lack of evidence is clear – while Moon's appellate counsel recognized trial counsel's error in failing to file a motion to unseal the search warrant and examine it for defects prior to advising Moon to plead guilty, appellate counsel proceeded to make essentially the same error. Moon's appellate counsel failed to provide the court of appeals with an opportunity to review the merits of his ineffective assistance of trial counsel claim. Though Moon was indicted on April 1, 2009, a motion to unseal

9

the search warrant was not filed until Moon's current attorneys filed a motion on October 13, 2011, after the Supreme Court of Ohio denied Moon's motion for reconsideration of its denial of leave to appeal, which was filed by Moon's appellate counsel. (Doc. No. 7-1 at 39, 307).

The search warrant was not part of the record before the state courts, as the trial court transcript and the court of appeals opinion make clear. As I noted above, the trial court denied Moon's motion to make the search warrant "part of the official court record under [Ohio] Appellate Rule 9(E)." (Doc. No. 7-1 at 310, 340). Moon filed a motion "to expand the record under Rule 7 of the Rules Governing Section 2254 cases." (Doc. No. 9 at 1). The Supreme Court has ruled that a federal court's "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. -----, 131 S. Ct. 1388, 1398 (2011); *see also Ballinger v. Prelesnik*, 844 F. Supp. 2d 857, 868 (E.D. Mich. 2012), *rev'd on other grounds*, 709 F.3d 558 (6th Cir. 2013) (*Pinholster* "held that a habeas court may not consider new evidence in determining under § 2254(d) whether a state court decision was unreasonable."). Thus, at this time, I may not consider the search warrant and the warrant application.

The search warrant is the sole piece of evidence which can prove or disprove the matter of whether Moon has suffered prejudice as a result of trial counsel's deficient performance. In the absence of the warrant, the record, while "adequate for [the] application of *Strickland*'s competency standard, . . . is incomplete with respect to prejudice." *Kimmelman*, 477 U.S. 390. Now that his counsel possess the warrant and the application affidavit, Moon first must afford the state courts a full and fair opportunity to rule upon his challenge to the validity of the search warrant under the principles set forth in clearly established Supreme Court precedent.

### STATUTE OF LIMITATION

The limitation period under § 2244(d) does not begin to run until "the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1). The parties agree Moon's petition was timely.

10

(*See* Doc. No. 7 at 7). The filing of a petition for habeas corpus relief does not toll the running of the statute of limitations, unlike applications for post-conviction or collateral review in state courts. *See Duncan v. Walker*, 533 U.S. 167 (2001).

In several cases, the Sixth Circuit has approved the use of prospective tolling by the district court to permit a habeas petitioner to present his claims fully to the state courts. *See, e.g., Palmer v. Carlton*, 276 F.3d 777, 780 (6th Cir. 2002); *Hargrove v. Brigano*, 300 F.3d 717 (6th Cir. 2002); *see also Griffin v. Rogers*, 399 F.3d 626, 635 (6th Cir. 2005) (noting *Hargrove* "recognized that under the retroactive stay-and-abeyance rule of *Palmer*[,] equitable tolling was proper as a matter of law for those petitioners whose petitions were dismissed without prejudice for the purpose of exhausting state claims"). I conclude a similar prospective tolling scheme is appropriate in this case. I acknowledge as well that the State has a competing interest in finality, and the Sixth Circuit has instructed district courts to "set forth certain conditions in an attempt to ensure that [the] case [will] move forward expeditiously." *Hargrove*, 300 F.3d at 721. In both *Hargrove* and *Palmer*, the Sixth Circuit advocated a "'normal' 30-day period . . . as a reasonable period . . ." for the petitioner to file in state court and then to return to federal court. *Palmer*, 276 F.3d at 782; *see also Hargrove*, 300 F.3d at 721.

Therefore, I conclude in the interests of equity that Moon shall be permitted to return to state court to litigate his challenge to the validity of the search warrant, whether by an appeal of the trial court's denial of his motion to correct the record under Ohio App. R. 9(E), a motion to re-open his direct appeal under Ohio App. R. 26(B), or other appropriate post-conviction review proceedings. He shall commence that process within 30 days of my order. After the conclusion of the state court proceedings, he then must re-file his habeas petition, supplementing the record to reflect the intervening state court proceedings, within 30 days. *See Zarvela v. Artuz*, 254 F.3d 374 (2nd Cir. 2001) ("If either condition of the stay is not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed . . . .").

11

## CONCLUSION

For the reasons stated above, I accept in part and reject in part Magistrate Judge Burke's Report and Recommendation. I dismiss Moon's habeas petition without prejudice but conclude the statute of limitations, 28 U.S.C. 2244(d), should be equitably tolled while Moon promptly exhausts his state court remedies. Moon shall resume his pursuit of his state remedies within 30 days of my order and then he must return to federal court within 30 days of exhausting his state remedies. If Moon fails to abide by these guidelines, he will not be entitled to equitable tolling under this order and my prospective tolling of the statute of limitations will be rescinded.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge